# Morgan Lewis

**Emily Cuneo DeSmedt**
Partner
+1.609.919.6673
emily.desmedt@morganlewis.com

February 11, 2025

<u>**VIA ECF**</u>

Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King Jr. Courthouse
50 Walnut St., Court Room: MLK 4A
Newark, New Jersey 07101

Re:   *Foster v. Merck & Co., Inc., et al.*
      <u>Civil Action No. 2:24-cv-06902-MCA-CLW</u>

Dear Judge Arleo:

We represent Defendant Merck & Co., Inc. ("Merck") in the above-referenced matter. We write to respectfully request that the Court grant Merck's unopposed motion to dismiss Plaintiff's complaint with prejudice. Despite many reminders and extensions, Plaintiff has failed to file an opposition to Merck's motion to dismiss or otherwise prosecute this matter, which fails as a matter of law under Federal Rule of Civil Procedure 12(b)(6).

By way of background, Merck filed its motion to dismiss on July 29, 2024. Dkt No. 9. On July 30, 2024, the Court set the motion day for September 3, 2024. Accordingly, Plaintiff's opposition to the motion to dismiss was due on or before August 20, 2024. For months, Plaintiff failed to file an opposition to Merck's motion to dismiss or request any extension of her deadline. In January 2025, the Court contacted Plaintiff and *sua sponte* extended Plaintiff's deadline to oppose the motion to dismiss by five months to January 23,

**Morgan, Lewis & Bockius** LLP

502 Carnegie Center
Princeton, NJ  08540-6241          T +1.609.919.6600
United States                       F +1.609.919.6701

A Pennsylvania Limited Liability Partnership | Michelle Silverman, Partner-in-Charge

Honorable Madeline Cox Arleo, U.S.D.J.
February 11, 2025
Page **2** of **3**

2025. Again, Plaintiff failed to file an opposition by that new January 23 deadline. Accordingly, the Court issued an Order dated January 27, 2025, noting Plaintiff's failure to file opposition to the motion and providing that "[t]he motion is, therefore, considered unopposed." Dkt No. 11.

Upon the Court's entry of that January 27, 2025 order, Plaintiff contacted defense counsel to request a further extension of time to file her opposition to the motion. Despite Plaintiff's flagrant disregard of the Court's prior order, Merck consented to extending Plaintiff's deadline one final time to January 31, 2025. See Exhibit A, Email exchange between counsel about further extension to file opposition. At 10:45 p.m. on January 31, 2025, Plaintiff emailed Merck's counsel, indicating that he would not be able to upload Plaintiff's opposition before the midnight deadline, but intended to submit the opposition by the following Monday, which was February 3, 2025. Monday came and went without any opposition. As of February 11, 2025, Plaintiff still has not filed any opposition to Merck's Motion to Dismiss.

In light of Plaintiff's failure to oppose Merck's motion to dismiss for more than five months, even after the Court advised Plaintiff on January 27, 2025 that the motion was unopposed, and Merck consented to numerous extensions, the Court should dismiss the Complaint with prejudice for all of the reasons outlined in the motion.

We thank the Court for its attention to and consideration of this matter.

Honorable Madeline Cox Arleo, U.S.D.J.
February 11, 2025
Page **3** of **3**

                                                        Respectfully submitted,

                                                        **MORGAN, LEWIS & BOCKIUS LLP**

Dated: February 11, 2025                      */s/ Emily Cuneo DeSmedt*
                                                        Emily Cuneo DeSmedt
                                                        502 Carnegie Center
                                                        Princeton, New Jersey 08540
                                                       Phone: 609.919.6673
                                                       emily.desmedt@morganlewis.com

                                                       *Attorneys for Defendant Merck & Co., Inc.*

cc: All counsel of record via ECF