<u>**CLOSING**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

February 25, 2025

<u>VIA ECF</u>
All counsel of record

<u>**LETTER ORDER**</u>

Re:   <u>Theresa Foster v. Merck & Co., Inc., et al.</u>
       <u>Civil Action No. 24-6902</u>

Dear Litigants:

Before the Court is Defendant Merck & Co., Inc.'s ("Merck") Motion to Dismiss Theresa Foster's ("Plaintiff") Complaint, ECF No. 1.1 (the "Complaint" or "Compl."), in the above-captioned matter, ECF No. 9 (the "Motion" or "Mot."). The Motion is unopposed.[1] For the reasons set forth below, Defendant Merck's Motion is **GRANTED**.

**I.   BACKGROUND**

This action arises from a lawsuit Plaintiff filed against Defendants Merck, Kimberly Hirsch ("Hirsch"), Michael Bataglio ("Bataglio"), and several unidentified entities or individuals (collectively, "Defendants"), for alleged discrimination under the New Jersey Law Against Discrimination ("NJLAD"); common law wrongful termination and tortious interference with prospective economic advantage; unjust enrichment; and for violations of the Diane B. Allen Equal Pay Act, N.J.S.A. 34:11–56.13 (the "Equal Pay Act"). <u>See generally</u> Compl.

---

[1] Plaintiff's opposition to the Motion was due on or before August 20, 2024. <u>See</u> July 29, 2024 Docket Text for ECF No. 9. To date, Plaintiff's counsel has failed to file an opposition to the Motion or request an extension of the deadline to respond to the Motion, despite having been directed to do so by the Court. Out of an abundance of caution, the Court sua sponte extended the deadline for Plaintiff's counsel to file an opposition to the Motion, and he failed to do so. <u>See</u> ECF No. 11. Thereafter, the Court entered an Order deeming the Motion unopposed. <u>Id.</u>

The Court notes that "if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis." <u>Hollister v. U.S. Postal Serv.</u>, 142 F. App'x 576, 577 (3d Cir. 2005) (citing <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991)). Nonetheless, the Court will proceed to analyze the merits of Plaintiff's claims. <u>Cf.</u> <u>Brown v. DiGuglielmo</u>, 418 F. App'x 99, 102 (3d Cir. 2011) ("[A] Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions."). <u>See also</u> <u>Estate of Casella v. Hartford Life Ins. Co.</u>, No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) ("[T]he Court must address unopposed motions to dismiss a complaint on the merits.").

Plaintiff is a former Merck employee whose employment ended in May 2022. Compl. ¶¶ 3, 16. Plaintiff was initially employed in February 2020 as a Senior Clinical Research Associate, a role that Plaintiff alleges "was considered fully remote and did not require her to work on Defendant's premises." Id. ¶¶ 1, 9. In August 2021, Merck implemented a policy requiring its customer-facing employees to become vaccinated against the COVID-19 virus. Id. ¶ 10. Plaintiff requested an exemption from that policy as an accommodation of her alleged "sincerely-held religious beliefs" as "an observant Roman Catholic." Id. ¶¶ 1, 11.

Plaintiff alleges that on October 18, 2021, Merck told her that it had "declined to adjudicate" her accommodation request because of the "nature of her job" at Merck. Id. ¶ 12. On October 26, 2021, Plaintiff received an email from Merck's Human Resources Department advising her that Merck would "reopen the exemption process for all customer-facing employees to assess the situation further," and "determine if there are any open positions for roles in which [they] might be reasonably accommodated." Id. ¶ 13. Merck also noted it would "refrain from taking any action to alter [Plaintiff's] employment status" during that process. Id. Plaintiff alleges that she "received no further communications from Defendant concerning the status of her religious accommodation request," but that she "experienced apparent retaliation from [her supervisor,] Defendant [Hirsch], wherein [Hirsch] belittled Plaintiff and removed her work assignments from her." Id. ¶14. Plaintiff alleges this "caused an exacerbation of her clinical anxiety and eating disorder." Id. In November 2021, Plaintiff applied for short-term disability leave due to her alleged clinical anxiety and eating disorder, which was approved as of November 8, 2021, and extended through March 29, 2022. Id. ¶ 14.

Prior to her applying for short-term disability, Plaintiff advised Hirsch that she was moving to Texas "imminently" as "her husband's job was being relocated." Id. ¶ 12.

Plaintiff never returned to work after her leave expired on March 29, 2022. Id. ¶ 15. Plaintiff alleges that she "experienced difficulty communicating with her physicians' office to obtain documentation" regarding additional leave. Id. Plaintiff further alleges that she asked Merck for additional time on an unidentified date "to obtain the cooperation of her physicians, and made an appointment with one of her doctors . . . ." Id. As of June 2022, Plaintiff had neither returned to work nor submitted to Merck any documentation substantiating that she needed leave past March 29, 2022, again, citing difficulty in "obtaining documentation from her physicians." Id. ¶ 16. Merck terminated Plaintiff's employment effective May 31, 2022 due to "job abandonment." Id.

On May 30, 2024, Plaintiff initiated this action against Defendants in New Jersey state court, see generally Compl., alleging: (1) that Defendants violated NJLAD by encouraging Plaintiff to get vaccinated against COVID-19, discriminating against her on the basis of her disability and religion, failing to approve (or deny) the religious accommodation request she submitted a few weeks before she commenced leave, and terminating her employment due to her failure to return to work, id. ¶¶ 29–40; (2) common law wrongful termination, unjust enrichment, and tortious interference with prospective economic advantage claims based on those facts, id. ¶¶ 39–47; and (3) violation of the Equal Pay Act, id. ¶¶ 48–50. On June 10, 2024, Merck removed this matter to this Court pursuant to 28 U.S.C. § 1441(a) and (b). See ECF No. 1. Merck filed the instant Motion to Dismiss on July 29, 2024. See ECF No. 9.

## II. LEGAL STANDARD

In resolving a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). To survive, the claims must be facially plausible, meaning that the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. ANALYSIS

While Plaintiff lists only five counts in her Complaint, the Court identifies more than five distinct causes of action. The Court assesses each individual claim below.

### A. Religious Discrimination for Failure to Accommodate Claim Under NJLAD

Merck argues that "Plaintiff cannot state a prima facie religious failure to accommodate claim under NJLAD because she has not alleged that Merck disciplined her for failing to comply with a job requirement that conflicted with her alleged religious beliefs." Mot. at 5. The Court agrees.

To state a prima facie claim for religious failure to accommodate under the NJLAD, Plaintiff must show she (1) held a sincere religious belief that conflicts with a job requirement; (2) informed her employer of that conflict; and (3) was disciplined for failing to comply with the conflicting requirement. See McKinley v. Princeton Univ., No. 22-05069, 2023 WL 3168026, at *2 (D.N.J. Apr. 28, 2023) (citing Fallon v. Mercy Cath. Med. Ctr. of Se. Pa., 877 F.3d 487, 490 (3d Cir. 2017)); see also Saqa v. Factory Mut. Ins. Co., No. 23-3994, 2024 WL 939689, at *4 (D.N.J. Mar. 5, 2024) (listing the same standard for stating a claim for failure to accommodate a sincerely held religious belief) (quoting Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 319 (3d Cir. 2008)).

Plaintiff has not alleged facts to support the third prong. Specifically, the Complaint does not allege that Merck denied Plaintiff's accommodation request or disciplined her for refusing to become vaccinated. Indeed, Plaintiff alleges that she submitted a religious accommodation request exempting her from Merck's vaccine policy, Compl. ¶ 11, and that Merck initially advised her that it had "declined to adjudicate" her request, id. ¶ 12. But Plaintiff later admits that Merck advised her via email one week later that it would "assess the situation further" and "review [Plaintiff's] vaccine exemption request and determine if there [were] any open positions for roles in which [Plaintiff] might be reasonably accommodated . . . ." Id. ¶ 13. Most importantly, that email further stated that Merck would "refrain from taking any action to alter [Plaintiff's] employment status while [that] process [was] ongoing . . . ." Id.

Plaintiff was approved for short-term disability leave and relocated to Texas less than two weeks later. Id. ¶ 15. Plaintiff does not allege that Merck reached a decision on her religious accommodation request, nor does Plaintiff allege that Merck disciplined her for refusing to comply

3

with the vaccination requirement. Instead, Plaintiff alleges that Merck terminated her employment for "job abandonment" after she failed to return to work after her leave of absence expired. Id. ¶ 12, 14–16. Further, Plaintiff's allegations that Hirsch "belittled [her] and removed her work assignments," id. ¶ 14, are conclusory and insufficient to show that she was disciplined for failing to get vaccinated without additional facts.

Plaintiff cannot state a claim for failure to accommodate because she was never denied a religious accommodation that she requested or was disciplined for failing to comply with a job requirement that conflicted with her religious beliefs. Accordingly, her failure to accommodate claim under the NJLAD is dismissed.

### B.  Disparate Treatment Based on Religion Claim Under NJLAD

Merck argues that Plaintiff's disparate treatment claim based on Plaintiff's religious beliefs should be dismissed because she has not plausibly alleged that Merck treated her differently than similarly-situated employees. See Mot. at 6. The Court agrees.

To state a claim, Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination. See Ewell v. NBA Properties, Inc., 94 F. Supp. 3d 612, 620 (D.N.J. 2015) (citing Burton v. Teleflex, Inc., 707 F.3d 417, 426 (3d Cir. 2013)); see also Ali v. Woodbridge Twp. Sch. Dist., 957 F.3d 174, 180 (3d Cir. 2020) (evaluating the same elements in considering claims of disparate treatment based on race and religion under the NJLAD). A plaintiff may demonstrate "an inference of unlawful discrimination" by showing that "the employer is treating some people less favorably than others because of their . . . religion" and "that the comparators were 'involved in acts . . . of comparable seriousness to' the plaintiff's acts." Collins v. Kimberly-Clark Pennsylvania, LLC, 708 F. App'x 48, 52 (3d Cir. 2017) (quoting Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003) and McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973)). "In order to determine who might qualify as a similarly situated employee we must look to the job function, level of supervisory responsibility and salary, as well as other factors relevant to the particular workplace." Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 305 (3d Cir. 2004).

Plaintiff fails to state a prima facie disparate treatment claim for at least two reasons. First, Plaintiff has not pled that she was qualified for her position, with or without an accommodation, at the time of her termination. Nor has she identified any of the functions of her position as a Senior Clinical Research Associate. Second, Plaintiff has not alleged facts to support her assertion that Merck treated her less favorably than similarly situated employees because of her religion. In fact, Plaintiff alleges the opposite. Plaintiff alleged that Merck "bombarded its employees with messaging encouraging them to be vaccinated for COVID-19, even those it knew or should have known could not be on the basis of their religion and medical condition." Compl. ¶ 26. This demonstrates that Merck did not communicate with Plaintiff differently than other employees who did not request religious accommodations.

Therefore, Plaintiff cannot state a prima facie claim of religious discrimination. See Golod v. Bank of Am. Corp., 403 F. App'x 699, 702–703 (3d Cir. 2010) (affirming dismissal of

discrimination claim because plaintiff presented no factual allegations supporting claim that non-Jewish doctors received promotions). That claim is dismissed.

### C. Disability Discrimination and Failure-to-Accommodate Disability Claims Under NJLAD

Merck argues that Plaintiff's disability discrimination claim fails because her Complaint does not contain any facts from which to infer that she was disabled or was qualified to perform the essential functions of her position when Merck terminated her employment in May 2022. See Mot. at 9. The Court agrees.

To state a prima facie disability discrimination claim under the NJLAD, a plaintiff must demonstrate: "(1) she was disabled within the meaning of the statute; (2) she was qualified to perform the essential functions of the position of employment; and (3) she suffered an adverse employment action because of the disability." Fitzgerald v. Shore Mem'l Hosp., 92 F. Supp. 3d 214, 235–36 (D.N.J. 2015). "Each of these elements must be shown, including proof of some material adverse change in the terms and conditions of employment." Id. (citing Jones v. Sch. Dist. of Phila., 198 F.3d 403, 411 (3d Cir. 1999)).

Plaintiff fails to state a claim for disability discrimination under the NJLAD because she has failed to allege sufficient facts that, if true, would satisfy the elements of such a claim. First, Plaintiff failed to allege facts that show she was disabled within the meaning of the statute after her leave of absence expired in March 2022. Rather, Plaintiff alleges that she has "disabling medical conditions" in a conclusory manner, which is insufficient to establish that Plaintiff was disabled at the time of the alleged retaliatory conduct. See Amiot v. Kemper Ins. Co., 122 F. App'x 577, 580 (3d Cir. 2004) (finding plaintiff's "bald assertions" that he was "substantially limited in performing [a] major life activity" insufficient to support a disability discrimination claim).[2]

Second, Plaintiff failed to allege facts that she was qualified to perform the essential functions of her position with or without accommodation, after her leave expired. Plainly, Plaintiff failed to even identify the essential functions of her position—let alone that she could perform those functions. See Bobo v. Wildwood Pub. Sch. Bd. of Educ., No. 13-5007, 2014 WL 2215935, at *7 (D.N.J. May 28, 2014) (dismissing disability discrimination claim because plaintiff failed to allege that "he was otherwise qualified to perform the essential functions of his job, with or without the accommodation by the employer").

Finally, Plaintiff failed to allege any facts to support a finding that Merck terminated her employment because of her alleged disabilities. Instead, Plaintiff alleged facts that support the opposite finding. Plaintiff acknowledged that she failed to submit the requisite medical information to Merck reflecting that she was still disabled from working after her approved leave

---

[2] Plaintiff also appears to assert a failure-to-accommodate disability claim against Merck. In order to do so, a plaintiff must first allege facts that establish a prima facie case of disability discrimination. See, e.g., Tourtellotte v. Eli Lilly & Co., 636 F. App'x 831, 849 (3d Cir. 2016). Thereafter, the Court can evaluate a failure to accommodate claim and determine whether "an employer failed to participate in the interactive process." Id. (internal citations omitted). This Court finds that Plaintiff failed to plead a prima facie case of disability discrimination. Accordingly, Plaintiff's failure-to-accommodate disability claim is dismissed.

5

ended. See Compl. ¶¶ 15–16. Plaintiff then alleges that she was terminated two months later after she had neither returned to work nor submitted to Merck any documentation substantiating that she needed leave past March 29, 2022, again citing her own difficulty in "obtaining documentation from her physicians." Id. ¶ 16.

Therefore, Plaintiff's disability discrimination claim is dismissed because she has not alleged facts sufficient to support such a claim.

### D. Hostile Work Environment Claim Under NJLAD

Merck argues that Plaintiff's hostile work environment discrimination claim must be dismissed because "Plaintiff has not alleged that she experienced severe or pervasive harassment based on her religion, disability, or in retaliation for her request for accommodations." Mot. at 12. The Court agrees.

To state a claim for a hostile work environment under the NJLAD, Plaintiff must show that the "complained-of conduct (1) would not have occurred but for the employee's [religion or disabilities]; and it was (2) severe or pervasive enough to make a (3) reasonable [Roman Catholic or person with the same disabilities] believe that (4) the conditions of employment were altered and the working environment was hostile or abusive." Hurley v. Atl. City Police Dep't, 174 F.3d 95, 114 (3d Cir. 1999), cert. denied, 528 U.S. 1074 (2000) (quoting Lehmann v. Toys R Us, Inc., 626 A.2d 445, 453 (1993)).

Here, Plaintiff alleges that, between October 26, 2021, and November 8, 2021, Hirsch "belittled" Plaintiff and "removed her work assignments from her" and that later, on November 10, 2021, Hirsch criticized "the quality of her work product and the fact that she went on short-term disability." Compl. ¶ 14. But even if those communications related to Plaintiff's religion, alleged disabilities, or accommodation requests, they are not sufficiently pervasive to support a claim for a hostile work environment.[3] See, e.g., Wright v. Providence Care Ctr., LLC, 822 F. App'x 85, 96–97 (3d Cir. 2020) (holding that plaintiff did not suffer severe and pervasive harassment when her supervisor allegedly treated her poorly after she requested an accommodation by subjecting her to unwarranted discipline and an unfair negative performance review, transferring her to a less desirable unit, being rude and condescending to her, and ignoring her). Therefore, Plaintiff's hostile work environment claim is dismissed.

### E. Retaliation Claim Under NJLAD

Plaintiff claims that Merck terminated her employment on May 31, 2022, in retaliation for her October 2021 accommodation request and because she was disabled. See Compl. ¶ 38. Merck argues that this claim fails because Plaintiff has not plausibly alleged any causal connection between her accommodation request and disability and her termination, which evidently occurred

---

[3] Plaintiff also alleges that Merck harassed her by sending company-wide emails encouraging all employees to get vaccinated. See Compl. ¶¶ 17–18. Plaintiff cannot plausibly allege that she received those emails because of her religion, disability, or accommodation requests because Merck sent those emails to every employee irrespective of whether they submitted an accommodation request. Id.

seven months apart and nearly two months after Plaintiff's leave expired. See Mot. at 14. The Court agrees with Merck.

To establish a retaliation claim, the plaintiff must show that show that "(1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action." Phillips v. Starbucks Corp., 624 F. Supp. 3d 530, 546 (D.N.J. 2022) (citing Carvalho-Grevious v. Delaware State Univ., 851 F.3d 249, 257 (3d Cir. 2017)). "[T]he timing of an alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred. . . . The adverse action must occur within days, not months, of the protected activity." Mercer v. SEPTA, 608 F. App'x 60, 65 (3d Cir. 2015) (internal citations omitted).

Here, Plaintiff has not alleged facts that, together, would demonstrate a causal link between her accommodation request and termination. The length of time between Hirsch's alleged conduct and Plaintiff's termination, and the fact that Plaintiff did not provide the requisite documentation to extend her leave, are insufficient to support a causal connection. Therefore, Plaintiff's retaliation claim is dismissed.

### F. Claims Against Defendants Kimberly Hirsch and Michael Bataglio

Merck argues that "[b]ecause Plaintiff cannot state any viable NJLAD claims against Merck, her claims against Ms. Hirsch and Merck Human Resources Business Partner Michael Bataglio also fail." Mot. at 14. The Court agrees. See DeSantis v. New Jersey Transit, No. 14-3578, 2017 WL 5050039, at *11 (D.N.J. Nov. 3, 2017) (dismissing NJLAD claims against individual defendants because "[a] defendant cannot assist in or abet a principal violation unless there is a principal violation"), aff'd, 756 F. App'x 197 (3d Cir. 2019); see also Monaco, 359 F.3d at 307 n.15 (affirming summary judgment grant in favor of individual defendants because the district court correctly found no liability for corporate defendants on NJLAD claims); Jackson v. Delaware River & Bay Auth., No. 99-3185, 2001 WL 1689880, at *22 (D.N.J. Nov. 26, 2001) ("If the NJLAD does not apply to the [employer] then no individual aiding and abetting liability may be found, because an employer's liability must be shown before any supervisory liability for violations can exist."); Roman v. Waste Mgmt. of New Jersey, No. 10-4337, 2011 WL 1807642, at *5 (D.N.J. May 12, 2011) (same). Therefore, the NJLAD claims against Defendants Hirsch and Bataglio are dismissed.[4]

### G. Wrongful Termination and Tortious Interference Claims

Merck argues that Plaintiff's wrongful termination and tortious interference claims must be dismissed because the NJLAD preempts them. See Mot. at 16. The Court agrees. The NJLAD "preempts any supplemental common law tort action that is based 'on the same factual predicate.'" Gaines v. United Parcel Serv., Inc., No. 13-3709, 2014 WL 1450113, at *5 (D.N.J. Apr. 14, 2014) (quoting Metzler v. Am. Transp. Grp., L.L.C., No. 07-2066, 2008 WL 413311, at *4 (D.N.J. Feb. 13, 2008)).[5] Indeed, "at a motion-to-dismiss posture, courts in this District

---

[4] Because the Court finds that none of Plaintiff's NJLAD claims should proceed, Count One is dismissed in its entirety.

[5] Merck also argues that Plaintiff's unjust enrichment claim (Count Three) is preempted by NJLAD because it is a

have routinely dismissed common law claims based on the same factual allegations as a plaintiff's [NJ]LAD claims." Dzibela v. BlackRock Inc., No. 23-02093, 2024 WL 4349813, at *15 (D.N.J. Sept. 30, 2024); see, e.g., Metzler, 2008 WL 413311, at *4 (granting a motion to dismiss IIED and negligence claims when they were "based on the same operative facts as . . . claims under the [NJLAD]").[6]

Here, Plaintiff's common law wrongful termination and tortious interference claims are both based on Merck's decision to terminate her employment, which is the same factual predicate at the base of her NJLAD claims. See Compl. ¶ 40, ¶ 46. Accordingly, Plaintiff's common law tort claims for Wrongful Termination (Count Two) and Tortious Interference with Prospective Economic Advantage (Count Four) are dismissed.

### H. Equal Pay Act Claim

Merck argues that "Plaintiff's Equal Pay Act claim must be dismissed because she has not alleged any facts whatsoever to support that claim." Mot. at 19. The Court agrees. Plaintiff alleges that she "was compensated at a rate of pay less than one or more male employees of Defendants who performed substantially similar work." Compl. ¶ 49. The Court finds that allegation to be of the exact type of conclusory and formulaic allegation that is insufficient to withstand a Federal Rule of Civil Procedure 12(b)(6) challenge. See generally Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (discussing required proof for Equal Pay Act claims). Accordingly, Plaintiff's Equal Pay Act claim (Count Five) is dismissed.

---

"supplemental common law tort action" based on the same factual predicate as the NJLAD claims. But "New Jersey does not recognize unjust enrichment as an independent tort cause of action." In re Riddell Concussion Reduction Litig., 121 F. Supp. 3d 402, 423 (D.N.J. 2015) (citing McGuire v. BMW of N. Am., LLC, No. 13–7356, 2014 WL 2566132, at *3 (D.N.J. June 6, 2014)). Nonetheless, Plaintiff's unjust enrichment claim fails as a matter of law because Plaintiff failed to allege facts that would show that she "expected remuneration from [Merck] at the time it performed or conferred a benefit on [Merck] and that the failure of remuneration enriched [Merck] beyond its contractual rights." In re Riddell, 121 F. Supp. 3d at 423 (citing VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (1994)). The Complaint includes no facts that describe the benefit that Plaintiff provided to Merck for which she went uncompensated. Plaintiff's allegation that Merck "den[ied] her severance and/or other benefits customarily offered to other employees" is conclusory and insufficient to show that Merck was unjustly enriched. See Compl. ¶ 43. Thus, Plaintiff's unjust enrichment claim (Count Three) is dismissed.

[6] The Court recognizes that certain common law claims may be exempted from this bar if they would vindicate other interests in addition to those sought to be protected by an NJLAD lawsuit. See Kairawala v. GE Aviation, No. 09-0398, 2009 WL 1973509, at *2 (D.N.J. July 7, 2009) ("Exempted from this bar are only those common law claims that would "vindicate particular interests in addition to or aside from those sought to be protected by a [NJ]LAD action.") No such "particular interests" are alleged here.

**IV.     CONCLUSION**

For the reasons stated above, Merck's Motion to Dismiss, ECF No. 9, is **GRANTED WITHOUT PREJUDICE**.  Only to the extent Plaintiff can cure the deficiencies identified in this Order, Plaintiff may file an amended complaint within thirty (30) days from entry of this Order.  If an Amended Complaint is not filed within 30 days, defendants can request that the Complaint be dismissed with prejudice.

**SO ORDERED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
