**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

THERESA FOSTER,

                    Plaintiff,

     vs.

MERCK & CO., INC., KIMBERLY
HIRSCH, MICHAEL BATAGLIO,
ABC CORPS 1-10 & JOHN DOES 1-10
(FICTITIOUS NAMES)
                    Defendants.

**ELECTRONICALLY FILED**

Civil Action No. 2:24-cv-06902-MCA-CLW

**MOTION RETURNABLE: May 19, 2025**

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**
**COMPLAINT FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ...................................................................... 1

II.     PLAINTIFF'S FACTUAL ALLEGATIONS................................................. 2

III.    RELEVANT PROCEDURAL HISTORY ...................................................... 5

IV.     LEGAL STANDARD.................................................................................... 6

IV.     ARGUMENT................................................................................................. 7

      A.    Plaintiff's Claims Must Be Dismissed Because They Are Time-Barred............... 7

      B.    Plaintiff's Religious Failure to Accommodate Claim Fails Because Merck Never Denied Her Religious Accommodation Request. ...................................... 8

      C.    Plaintiff's Religious Discrimination Claim Fails Because She Has Not Plausibly Alleged that Merck Treated Her Differently Than Similarly-Situated Employees Based on Her Religion. ....................................................... 10

      D.    Plaintiff's Disability Discrimination Claim Fails Because Plaintiff Has Not Alleged that She Was Disabled or Qualified to Perform Her Essential Job Functions When Merck Terminated Her Employment....................................... 13

      E.    Plaintiff Cannot State a Failure to Accommodate Claim Because She Does Not Allege That She Was Disabled or Requested an Accommodation that Merck Failed to Grant Her. .................................................................................. 15

      F.    Plaintiff's Hostile Work Environment and Retaliation Claims Must Be Dismissed Because She Has Not Alleged Sufficient Facts to Show That She Experienced Severe or Pervasive Harassment or Any Other Adverse Action in Retaliation for Accommodation Requests. .......................................... 16

      G.    Plaintiff's Claims Against Individuals Kimberly Hirsch and Michael Bataglio are Not Cognizable as a Matter of Law................................................ 18

V.      CONCLUSION........................................................................................... 19

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amiot v. Kemper Ins. Co.*,
122 F. App'x 577 (3d Cir. 2004) ..........................................................................13

*Arcand v. Brother Int'l Corp.*,
673 F. Supp. 2d 282 (D.N.J. 2009) ........................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................6, 7

*Bacone v. Philadelphia Hous. Auth.*,
112 F. App'x 127 (3d Cir. 2004) ..........................................................................16

*Barnes v. Off. Depot, Inc.*,
2009 WL 4133563 (D.N.J. Nov. 24, 2009) ..........................................................10

*Bobo v. Wildwood Pub. Sch. Bd. of Educ.*,
2014 WL 2215935 (D.N.J. May 28, 2014) .....................................................11, 14

*Brennan v. Kulick*,
407 F.3d 603 (3d Cir. 2005)...................................................................................7

*Bridgeforth v. Am. Educ. Servs.*,
412 F. App'x 433 (3d Cir. 2011) ..........................................................................12

*Buskirk v. Apollo Metals*,
307 F.3d 160 (3d Cir. 2002)................................................................................14

*Cicchetti v. Morris Cty. Sheriff's Office*,
194 N.J. 563 (2008) .............................................................................................18

*Collins v. Kimberly-Clark Pennsylvania, LLC*,
708 F. App'x 48 (3d Cir. 2017)............................................................................10

*DeSantis v. New Jersey Transit*,
2017 WL 5050039 (D.N.J. Nov. 3, 2017) ............................................................18

*EEOC v. GEO Grp., Inc.*,
616 F.3d 265 (3d Cir. 2010)..................................................................................9

*Emery v. Uber Techs., Inc.*,
2021 WL 941879, (D.N.J. Mar. 12, 2021), *aff'd sub nom., Uber Driver Partner Emery v. Uber Techs., Inc.*, 2022 WL 1196700 (3d Cir. Apr. 22, 2022)................................................12

## TABLE OF AUTHORITIES

**Page(s)**

*Figueroa v. Princeton Univ.*,
2008 WL 2917178 (N.J. App. Div. July 31, 2008)....................................................19

*Fitzgerald v. Glenn Ins., Inc.*,
2023 WL 2728818 (D.N.J. April 17, 2023)............................................................17

*Fogleman v. Mercy Hosp., Inc.*,
283 F.3d 561 (3d Cir. 2002).................................................................................16

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)...................................................................................7

*Golod v. Bank of Am. Corp.*,
403 F. App'x 699 (3d Cir. 2010) ..........................................................................12

*Hurley v. Atl. City Police Dep't*,
174 F.3d 95 (3d Cir. 1999)....................................................................................16

*Incorvati v. Best Buy Co.*,
2010 WL 4807062 (D.N.J. Nov. 16, 2010) ...........................................................14

*Jackson v. Chubb Corp.*,
45 F. App'x 163 (3d Cir. 2002) ..............................................................................7

*Koslosky v. Am. Airlines, Inc.*,
2022 WL 4481537 (3d Cir. Sept. 27, 2022) ..........................................................18

*Mercer v. SEPTA*,
608 F. App'x 60 (3d Cir. 2015).............................................................................17

*Orzech v. Muhlenberg Twp.*,
2019 WL 6310219 (E.D. Pa. Nov. 25, 2019) ...................................................11, 14

*Parness v. Christie*,
2017 WL 6513346 (D.N.J. Dec. 19, 2017), *subsequently aff'd*, 751 F. App'x 277 (3d Cir. 2018) .......................................................................................................................7

*Roman v. Waste Mgmt. of New Jersey*,
2011 WL 1807642 (D.N.J. May 12, 2011) .............................................................18

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010)...............................................................................6, 7

*Smith v. ABF Freight Sys., Inc.*,
2007 WL 3231969 (M.D. Pa. Oct. 29, 2007) ...................................................10, 12

# TABLE OF AUTHORITIES

**Page(s)**

*Spence v. New Jersey,*
    2021 WL 1345872 (D.N.J. April 12, 2021)...........................................................17

*Swangin v. Pub. Sch. of Edison Tp.,*
    2007 WL 1302486 (D.N.J. April 30, 2007).........................................................17

*Tarr v. Ciasulli,*
    181 N.J. 70 (2004) .............................................................................................19

*Taylor v. Phoenixville Sch. Dist.,*
    184 F.3d 296 (3d Cir. 1999)..............................................................................15

*Tourtellotte v. Eli Lilly & Co.,*
    636 F. App'x 831 (3d Cir. 2016) ........................................................................10

*Victor v. State of N.J.,*
    401 N.J. Super. 596 (App. Div. 2008), *aff'd as modified*, 203 N.J. 383 (2010) ......................13

*Young v. Newark,*
    2017 WL 6029599 (D.N.J. Dec. 4, 2017) ..........................................................8

**STATUTES**

Equal Pay Act ..............................................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)........................................................................................6, 17

## I.     **PRELIMINARY STATEMENT**

Plaintiff is a former Merck Sharp & Dohme, LLC ("Merck") employee whose employment with Merck ended in May 2022 because she abandoned her job.[1]  Plaintiff took multiple leaves of absence during her employment with Merck, but after her last four months of leave expired in March 2022, she never returned to work. Nor did she provide Merck with any medical documentation demonstrating that she needed additional leave as an accommodation. Accordingly, after reaching out to Plaintiff for two months without receiving any update, Merck terminated her employment on May 31, 2022 due to her job abandonment.

On May 30, 2024, Plaintiff filed a Complaint (the "Original Complaint") against Merck, in which she alleged that Merck violated the New Jersey Law Against Discrimination ("NJLAD") by failing to approve (or deny) the religious accommodation request she submitted before she commenced leave, and terminating her employment due to her failure to return to work. She also asserted common law wrongful termination, unjust enrichment, and tortious interference with prospective economic advantage claims based on those same facts.  Because all the claims in the Original Complaint failed a matter of law, the Court dismissed it without prejudice on February 25, 2025. The Court entered an order (the "Dismissal Order") permitting Plaintiff to file an amended complaint within thirty days, only to the extent that Plaintiff could cure the deficiencies in her claims.

The Amended Complaint Plaintiff filed thirty-one days later has the same deficiencies as her Original Complaint. In her Amended Complaint, Plaintiff again purports to assert disability discrimination, religious discrimination, failure to accommodate, and retaliation claims under the

---

[1] Merck & Co., Inc. is not properly named as a Defendant in this matter as Plaintiff was not employed by this entity, but instead by Merck Sharp & Dohme Corp.  After Plaintiff's termination, Merck Sharp & Dohme Corp. transitioned to Merck Sharp & Dohme LLC.

NJLAD.  However, Plaintiff still has not plausibly alleged that she was disabled or able to perform the essential functions of her job, with or without an accommodation, at the time that Merck terminated her employment. She also has not plausibly alleged that Merck denied her religious accommodation request, disciplined her for failing to comply with a work requirement that conflicted with her alleged religious beliefs, or treated her less favorably than any other Merck employee who failed to return to work or request an extension of leave two months after their leave of absence expired.

Plaintiff also has not identified any alleged "harassment" that she experienced that was severe or pervasive, or any causal link between her accommodation request and the termination of her employment. Her claims against Merck, Kimberly Hirsch, and Michael Bataglio thus fail as a matter of law for all the same reasons set forth in the Court's Dismissal Order.

The NJLAD claims in Plaintiff's Amended Complaint are also time-barred. Had Plaintiff filed her Amended Complaint by the thirty-day deadline set forth in the Dismissal Order, the two-year statute of limitations that applies to her NJLAD claims would have been tolled.  Because Plaintiff failed to meet the Court's thirty-day deadline, however, she lost the protection of tolling. Without the protection of tolling, Plaintiff's NJLAD claims expired on May 31, 2024, two years after the termination of her employment.  Because Plaintiff's claims are time-barred and fail as a matter of law, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

## II.    PLAINTIFF'S FACTUAL ALLEGATIONS[2]

In August 2021—during the height of the global COVID-19 pandemic—Merck implemented a policy requiring its customer-facing employees to become vaccinated against the

---

[2] Merck accepts the allegations asserted in Plaintiff's Amended Complaint as true solely for the purposes of this Motion and only to the extent required at this stage of the litigation. Further, Merck limits its summary of the facts from Plaintiff's Amended Complaint to those that are relevant to the legal claims.

virus. Amended Complaint ("Compl."), ¶ 14. Consistent with the law, Merck invited employees to seek exemptions from the requirement if their sincerely-held religious beliefs prohibited vaccination. *Id.* Plaintiff, then a customer-facing Merck Senior Clinical Research Associate working in New Jersey, requested an exemption as an accommodation of her alleged religious beliefs. *Id.* ¶ 15.

Plaintiff alleges that Merck advised her on October 18, 2021 that it had "declined to adjudicate" her accommodation request because of the "nature of her job at the Company." *Id.* ¶ 12. One week later, however, Plaintiff received an email from Merck's Human Resources Department, which stated that Merck would "reopen the exemption process for all customer-facing employees to assess the situation further," and "determine if there are any open positions for roles in which [they] might be reasonably accommodated." *Id.* ¶ 13. Merck also made clear that it would "refrain from taking any action to alter [Plaintiff's] employment status" during that process. *Id.*

During that same time period, Plaintiff advised her supervisor, Ms. Hirsch, that she was moving to Texas "imminently" because her husband's job was being relocated. *Id.* ¶ 12. In November 2021, Plaintiff also requested a leave of absence due to "the impact of her physical and psychological/mental disabilities upon her health as a result of the stress imposed" by "uncertainty concerning her continued employment." *Id.* ¶ 18. Plaintiff alleges that she has bulimia, anxiety disorder, and clinical depression, though it is unclear which of these conditions caused her to seek leave in November 2021. *Id.* ¶ 1. Merck approved Plaintiff's request, granting her four months of leave and short-term disability benefits from November 8, 2021 through March 29, 2022. *Id.* ¶ 18. After Plaintiff's leave expired on March 29, 2022, she never returned to work. *Id.* ¶¶ 19-21.

Plaintiff does not allege that she submitted to Merck any information substantiating that she needed leave after March 29, 2022. *Id.* To the contrary, Plaintiff alleges that after March 2022,

she "experienced difficulty communicating with her physicians' office to obtain documentation" regarding additional leave. *Id.* Plaintiff alleges that, on an unidentified date, she asked Merck for additional time to obtain documentation supporting her need for leave beyond March 29, 2022. *Id.* ¶ 19. She further alleges that Mr. Bataglio, a Merck Human Resources Business Partner, emailed her on April 14, 2022 "regarding Merck's need for information from her physicians to consider an extension of her short-term disability leave." *Id.* ¶ 20. Plaintiff alleges that she told Mr. Bataglio that she had an appointment with her physician on April 16, 2022. *Id.* ¶ 20. However, Plaintiff does not allege that her April 16, 2022 doctor's appointment actually occurred or that she ever provided documentation or information from her physician to Merck, or that she ever spoke to anyone from Merck at any time between April 14, 2022 and June 2022. *Id.* ¶ 20.

As of June 2022, Plaintiff had still not returned to work or submitted to Merck any documentation substantiating that she needed leave past March 29, 2022. Indeed, Plaintiff acknowledges in her complaint that she "continued [to have] difficulties regarding obtaining documentation from her physicians" through at least June 2022. *Id.* ¶ 21. Accordingly, because Plaintiff failed to return to work more than two months after her leave of absence had expired, Merck terminated her employment effective May 31, 2022. *Id.* ¶ 21. Plaintiff does not allege anywhere in her Complaint that she continued to be disabled or that she was qualified to perform the essential functions of her job with further accommodation after March 29, 2022. To the contrary, Plaintiff acknowledges that she was *not* qualified to perform the responsibilities of her position while she was on medical leave, and that she did not see her physicians at any time between March 2022 and the termination of her employment. *Id.* ¶¶ 23-24.

Plaintiff alleges in her Complaint that she experienced "apparent retaliation" from Ms. Hirsch in the two weeks following her religious accommodation request. Specifically, Plaintiff

alleges that Ms. Hirsch removed her from work assignments and criticized "the quality of [her] work product and the fact that she went on short-term disability." *Id.* ¶ 18.  Plaintiff has attached to her Amended Complaint three text messages that Ms. Hirsch allegedly sent her, which she describes as harassing. *Id.*  On November 10, 2021, Ms. Hirsch allegedly wrote to Plaintiff, "I need to understand what is going on with you. I just got off the phone with the CRM for 015/Cohen. Why are you [out of office] this week, and what is this about a [short-term disability]? I feel a bit blindsided. She rejected your report for good reason."  She also allegedly wrote, "There are also several validations that were assigned to you?"  Finally, the next day, Ms. Hirsh allegedly wrote, "You have really left me in a bad place. Did you do the 6482-022 transition checklists as you were requested to do 3 weeks ago? They are not in the One note."  *Id.*

## III.    RELEVANT PROCEDURAL HISTORY

Plaintiff filed her Original Complaint against Merck, Ms. Hirsch, and Mr. Bataglio on May 30, 2024.  Merck moved to dismiss the Original Complaint for failure to state a claim on July 29, 2024. *See* ECF No. 9. Despite multiple reminders from the Court, Plaintiff did not file any opposition to Merck's motion to dismiss.  On February 25, 2025, the Court entered the Dismissal Order, granting Merck's motion to dismiss Plaintiff's Original Complaint without prejudice. *See* ECF No. 13.

Specifically, the Court held that (1) Plaintiff failed to state a religious failure to accommodate claim because she did not allege that Merck denied her accommodation request or disciplined her for refusing to become vaccinated; (2) Plaintiff failed to state a religious discrimination claim because she did not plausibly allege that she was qualified for her position, with or without accommodation, at the time of her termination, or that Merck treated her less favorably than similarly-situated employees because of her religion; (3) Plaintiff failed to state a disability discrimination claim because she did not allege that she was disabled or qualified to

perform the essential functions of her position at the time of her termination; (4) Plaintiff failed to state a hostile work environment claim because the statements she attributed to Ms. Hirsh were not sufficiently severe or pervasive; and, (5) for all those same reasons, Plaintiff failed to state viable NJLAD claims against Ms. Hirsch and Mr. Bataglio. *See* ECF No. 13. The Court also held that Plaintiff failed to state retaliation, wrongful termination, tortious interference, or Equal Pay Act claims. *Id.*

The Dismissal Order stated that "[o]nly to the extent Plaintiff can cure the deficiencies identified in [the] Order, Plaintiff may file an amended complaint within thirty (30) days from entry of [the] Order." *See* ECF 13, p. 9. The Court stated that if Plaintiff failed to file an Amended Complaint within 30 days, defendants could request that the Complaint be dismissed with prejudice. *Id.* Thirty-one days later, Plaintiff filed her present Amended Complaint. ECF No. 14. In the Amended Complaint, Plaintiff again asserts religious failure to accommodate, religious discrimination, disability discrimination, retaliation, and hostile work environment claims under the NJLAD.[3] Not only are those claims time-barred due to Plaintiff's failure to re-file them within thirty days, but they also fail as a matter of law for the same reasons set forth in the Dismissal Order. Accordingly, the Court should dismiss Plaintiff's claims with prejudice.

## IV.  **LEGAL STANDARD**

A court must dismiss a complaint under Rule 12(b)(6) when it fails to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (internal citations omitted). The

---

[3] Plaintiff no longer asserts wrongful termination, unjust enrichment, tortious interference, or Equal Pay Act claims.

plausibility standard "'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Iqbal*, 556 U.S. at 678.  It must, instead, show through *facts* that the plaintiff is entitled to relief.  *See Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 290-91 (D.N.J. 2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

"'A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  While the Court should accept factual allegations as true, allegations that are "'no more than conclusions[] are not entitled to the assumption of truth.'" *Santiago*, *supra*, 629 F.3d at 131 (quoting *Iqbal*, 556 U.S. at 680).

## IV.    <u>ARGUMENT</u>

### A.    <u>Plaintiff's Claims Must Be Dismissed Because They Are Time-Barred.</u>

The Court should dismiss Plaintiff's Amended Complaint with prejudice because her NJLAD claims are time-barred. A two-year statute of limitations applies to claims asserted under the NJLAD.  *See Jackson v. Chubb Corp.*, 45 F. App'x 163, 165 (3d Cir. 2002), *citing Montells v. Haynes*, 133 N.J. 282, 298 (1993).  A complaint that is subsequently dismissed without prejudice does not toll that two-year statute of limitations as "'the original complaint is treated as if it never existed.'" *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005), *quoting Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983). Thus, when a claim is dismissed without prejudice after its statute of limitations has run, that claim becomes time-barred unless the court gives the plaintiff leave to file an amended complaint within a specified time period, and the plaintiff files the amended complaint during that time period.  *Id.*; *see also Parness v. Christie*, 2017 WL 6513346, at *5 (D.N.J. Dec. 19, 2017), *subsequently aff'd*, 751 F. App'x 277 (3d Cir. 2018) (holding that when a dismissal order provides leave to amend an original complaint within

a certain time period, and the plaintiff does not file his amended complaint within that conditional period, "the general rule applies and the original complaint provides no tolling of the applicable limitations period"). If the plaintiff does not file an amended complaint within the conditional time period, the statute of limitations that applies to her claims is not tolled.

In *Young v. Newark*, for example, the Court granted the defendant's motion to dismiss the plaintiff's first amended complaint, but gave the plaintiff thirty days from that dismissal to file a second amended complaint. 2017 WL 6029599, at *1 (D.N.J. Dec. 4, 2017). The plaintiff missed his thirty-day deadline, filing his second amended complaint one day late. The court held that "by failing to amend within the thirty-day window set forth in this Court's [dismissal] Order, [the plaintiff] lost the protection of the tolling" that would have otherwise applied to his previously-dismissed claims, and those claims became time-barred. *Id.*, *citing Brennan*, 407 F.3d 603, 606-07 (3d Cir. 2005). Accordingly, the court granted the defendant's motion to dismiss the plaintiff's second amended complaint with prejudice.

Plaintiff's NJLAD claims must be dismissed with prejudice for the same reason. The two-year statute of limitations that applies to her NJLAD claims expired on May 31, 2024, two years after the termination of her employment. Had Plaintiff filed her Amended Complaint within thirty days of the Court's Dismissal Order, as instructed, her two-year statute of limitations may have been tolled. *See* ECF Nos. 13, 14. But Plaintiff did not do so. Accordingly, Plaintiff's Original Complaint "is treated as if it never existed," and her NJLAD claims expired on May 31, 2024.

### B.    **Plaintiff's Religious Failure to Accommodate Claim Fails Because Merck Never Denied Her Religious Accommodation Request.**

Plaintiff's NJLAD claims also fail as a matter of law for the same reasons the Court dismissed them the first time. Plaintiff cannot state a *prima facie* religious failure to accommodate claim under the NJLAD because she still has not alleged that Merck disciplined her for failing to

comply with a job requirement that conflicted with her alleged religious beliefs. To state a *prima facie* religious failure to accommodate claim under the NJLAD, a Plaintiff must show she (1) has a sincere religious belief that conflicts with a job requirement; (2) informed her employer of that conflict; and (3) was disciplined for failing to comply with the conflicting requirement. *See EEOC v. GEO Grp., Inc.*, 616 F.3d 265, 271 (3d Cir. 2010). Plaintiff cannot satisfy the third prong because Merck never denied her accommodation request or disciplined her for refusing to become vaccinated.

Plaintiff alleges that at some unidentified time between August 2021 and the middle of October 2021, she submitted a request for a religious accommodation exempting her from Merck's vaccine policy. *Id.* ¶ 15. Although Plaintiff alleges that Merck initially advised her that it had "declined to adjudicate" her accommodation request on October 18, 2021, *id.* ¶ 16, she admits that Merck subsequently advised her the following week that it would "assess the situation further" and "review [her] vaccine exemption request and determine if there [were] any open positions for roles in which [she] might be reasonably accommodated. . ." *Id.* The email further stated that Merck would "refrain from taking any action to alter [her] employment status while this process is ongoing. . ." *Id.* ¶ 17.

Less than two weeks later, Plaintiff requested and was approved for short-term disability leave and relocated to Texas. *Id.* ¶¶ 15-17. Because she never returned to work after her leave of absence expired, Merck never reached a decision on her religious accommodation request. Merck also never disciplined Plaintiff for refusing to comply with the vaccination requirement.

Because Plaintiff was never disciplined for failing to comply with a job requirement that conflicted with her alleged religious beliefs, she cannot state a *prima facie* failure to accommodate claim. Her failure to accommodate claim must therefore be dismissed.

### C. **Plaintiff's Religious Discrimination Claim Fails Because She Has Not Plausibly Alleged that Merck Treated Her Differently Than Similarly-Situated Employees Based on Her Religion.**

Plaintiff's disparate treatment claim must also be dismissed because Plaintiff cannot establish the second or fourth prong of a *prima facie* religious discrimination claim. To state a *prima facie* religious discrimination claim, Plaintiff must show: "(1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination." *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016), *citing Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999)); *Barnes v. Off. Depot, Inc.*, 2009 WL 4133563, at *5 (D.N.J. Nov. 24, 2009) (noting that religious discrimination claims under Title VII and the NJLAD are "analyzed under the same standard"). A plaintiff may demonstrate "an inference of unlawful discrimination" by showing that "the employer is treating some people less favorably than others because of their ... religion" and "that the comparators were 'involved in acts ... of comparable seriousness to' the plaintiff's acts." *Collins v. Kimberly-Clark Pennsylvania, LLC*, 708 F. App'x 48, 52 (3d Cir. 2017), *quoting McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973)). "Similarly-situated employees are those who 'have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Smith v. ABF Freight Sys., Inc.*, 2007 WL 3231969, at *8 (M.D. Pa. Oct. 29, 2007), *quoting Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 603 (M.D. Pa. 2002)).

Plaintiff cannot satisfy the second prong of her *prima facie* religious discrimination claim because she still has not pled that she was qualified for her position, with or without an accommodation, at the time of the termination of her employment. When Plaintiff's employment

was separated on May 31, 2022, Plaintiff had been on leave due to her alleged inability to work since November 2021. In her Amended Complaint, Plaintiff alleges in conclusory fashion that she was "qualified to perform the responsibilities of her position with Merck, with or without an accommodation" because she had previously worked in the same capacity at another company. *Id.* ¶ 2.   However, Plaintiff has alleged neither that she was able to return to her Senior Clinical Research Associate position between March 2022 and May 2022 nor that she would have been able to return to her position at some reasonable time thereafter if Merck had granted her further leave as an accommodation. *Bobo v. Wildwood Pub. Sch. Bd. of Educ.*, 2014 WL 2215935, at *7 (D.N.J. May 28, 2014); *Orzech v. Muhlenberg Twp.*, 2019 WL 6310219, *4 (E.D. Pa. Nov. 25, 2019) (plaintiff's "conclusory remark on how he is a qualified individual that can perform the job with a reasonable accommodation without specifying factually how that is possible" could not support his claim).   To the contrary, Plaintiff has *admitted* in her complaint that she was not qualified to perform the duties of her position during "the time in which she was on medical leave and thus unable to work." *Id.* ¶ 23.   Because Plaintiff's Complaint lacks any allegations that would satisfy the second prong of her *prima facie* religious discrimination claim, that claim must be dismissed.

Plaintiff also has not alleged any facts to support her conclusory allegation that Merck treated her worse than "similarly situated" employees based on her religion. Plaintiff merely alleges in conclusory fashion that "Defendant treated Plaintiff differently from other individuals who requested accommodations," and "permitted others who worked for it to continue working unvaccinated under said religious accommodations." *Id.* ¶ 28.   But Plaintiff has not alleged that Merck continued to employ or offered reinstatement to any other Merck employee who failed to return to work or submit any documentation supporting a leave of absence extension more than

two months after their leave of absence expired. *See ABF Freight Sys., Inc., supra*, 2007 WL 3231969, at *8 (M.D. Pa. Oct. 29, 2007) ("Similarly-situated employees are those who . . . have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."). Plaintiff's allegation that Merck "permitted others . . . to continue working unvaccinated under religious accommodations" is not only completely speculative and conclusory, but also does not show that Merck treated her differently than those other employees because Merck never denied Plaintiff's accommodation request, required her to get vaccinated, or disciplined her for violating the vaccination requirement during her employment.

Plaintiff therefore cannot state a *prima facie* claim of religious discrimination. *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (affirming dismissal of discrimination claim because plaintiff presented no factual allegations supporting claim that non-Jewish doctors received promotions); *Emery v. Uber Techs., Inc.*, 2021 WL 941879, at *5 (D.N.J. Mar. 12, 2021) (plaintiff's "threadbare" allegation that defendant treated nameless "white drivers" better based on race failed to satisfy his *prima facie* claim because plaintiff did not allege any facts about such drivers or whether they are similarly situated in any relevant respect); *aff'd sub nom., Uber Driver Partner Emery v. Uber Techs., Inc.,* 2022 WL 1196700 (3d Cir. Apr. 22, 2022), *citing Gross v. R.T. Reynolds, Inc.*, 487 F. App'x 711, 719 (3d Cir. 2012) (finding that a plaintiff's "naked assertion" that the defendant treated other similarly-situated non-minority customers differently than plaintiff did not satisfy Rule 8's pleading standard); *Bridgeforth v. Am. Educ. Servs.*, 412 F. App'x 433, 435 (3d Cir. 2011) (affirming a district court's dismissal of a plaintiff's § 1981 claim "generally alleg[ing] 'race discrimination'" because "merely reciting an element of a cause of action or making a bare conclusory statement is insufficient").

**D.      Plaintiff's Disability Discrimination Claim Fails Because Plaintiff Has Not Alleged that She Was Disabled or Qualified to Perform Her Essential Job Functions When Merck Terminated Her Employment.**

Plaintiff's disability failure-to-accommodate claim also fails because her Complaint still does not contain any facts from which to infer that she was disabled or qualified to perform the essential functions of her position when Merck terminated her employment in May 2022. To establish a disability discrimination claim under the NJLAD, a plaintiff must demonstrate: (1) she was handicapped or disabled within the meaning of the statute; (2) she was qualified to perform the essential functions of her position of employment, with or without accommodation; (3) she suffered an adverse employment action because of her handicap or disability; and (4) her employer sought another to perform the same work after removing her from the position. *Victor v. State of N.J.*, 401 N.J. Super. 596, 609 (App. Div. 2008), *aff'd as modified*, 203 N.J. 383 (2010).

Plaintiff cannot satisfy the first element of a *prima facie* disability discrimination claim because she has not alleged that she was disabled from working any time after her leave of absence expired in March 2022.  Although Plaintiff now alleges that she has bulimia, anxiety disorder, and clinical depression, her Complaint contains no facts about how her medical conditions impacted her ability to work after March 2022. Indeed, Plaintiff has acknowledged that she never even consulted with a physician about her ability to work between March 2022 and June 2022. Plaintiff's conclusory allegation that she has disabling medical conditions is insufficient. *See Amiot v. Kemper Ins. Co.*, 122 F. App'x 577, 580 (3d Cir. 2004) (plaintiff's conclusory statements that he was substantially limited in performing a major life activity were insufficient to support disability discrimination claim); *Incorvati v. Best Buy Co.*, 2010 WL 4807062, at *5 (D.N.J. Nov. 16, 2010) ("Plaintiff's claim of disability discrimination under the NJLAD fails because Plaintiff does not allege that he was disabled after he returned from FMLA leave.").

Nor can Plaintiff satisfy the second element of her claim because she has not alleged that she was qualified to perform the essential functions of her position, with or without accommodation, after March 29, 2022. To show she is a "qualified individual," Plaintiff would need to show that she "(1) has the requisite skill, experience, education, and other job-related requirements of the position [in question], and (2) she, with or without reasonable accommodation, can perform the essential functions of that position." *Buskirk v. Apollo Metals*, 307 F.3d 160, 168 (3d Cir. 2002). Here, Plaintiff has acknowledged that she could not perform the functions of her position during the time that she was on medical leave, and she has not alleged anywhere in her Amended Complaint that she was qualified to perform her job functions after her leave expired in March 2022. *Bobo v. Wildwood Pub. Sch. Bd. of Educ.*, 2014 WL 2215935, at *7 (D.N.J. May 28, 2014) (dismissing disability discrimination claim because plaintiff failed to allege that "he was otherwise qualified to perform the essential functions of his job, with or without the accommodation by his employer"), *Orzech v. Muhlenberg Twp.*, 2019 WL 6310219, *4 (E.D. Pa. Nov. 25, 2019) (plaintiff's "conclusory remark on how he is a qualified individual that can perform the job with a reasonable accommodation without specifying factually how that is possible" could not support his claim).

Finally, Plaintiff has not alleged any facts that would support a finding that Merck terminated her employment *because* of her alleged disability. Indeed, Plaintiff acknowledges in her Complaint that she never submitted any information to Merck indicating that she continued to be disabled from working after March 2022. Merck granted Plaintiff four months of leave, and only terminated her employment because she failed to return to work or appropriately request a leave of absence extension more than two months after her leave expired.

In sum, because Plaintiff has not alleged facts sufficient to support a disability discrimination claim, her disability discrimination claim must be dismissed.

> **E.**     **Plaintiff Cannot State a Failure to Accommodate Claim Because She Does Not Allege That She Was Disabled or Requested an Accommodation that Merck Failed to Grant Her.**

Insofar as Plaintiff intends to assert a claim that Merck failed to accommodate her alleged disability, that claim also fails. To state a *prima facie* failure-to-accommodate claim, Plaintiff must allege facts sufficient to show that (1) Merck knew of her disability; (2) she requested accommodations or assistance for her disability; (3) Merck made no good faith effort to assist; and (4) she could have been reasonably accommodated but for the employer's lack of good faith. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 319-20 (3d Cir. 1999). As set forth above, Plaintiff has not alleged that she ever advised Merck that she had a disabling medical condition after March 2022. Her failure to allege that she had a disability during the relevant time period alone warrants dismissal of her failure-to-accommodate claim.

Plaintiff's Complaint also lacks any facts from which to infer that she needed an accommodation that Merck failed to grant her. *Taylor*, 184 F.3d at 319-20. Merck granted Plaintiff four months of leave as an accommodation. Assuming *arguendo* that Plaintiff alleges that Merck failed to accommodate her by extending her leave, Plaintiff acknowledges in her Complaint that she had not even communicated with her doctors between March and June 2022, let alone actually advised Merck that she needed additional leave to accommodate her alleged disabilities during that time period. Because Plaintiff cannot plausibly allege that she actually advised Merck at any time that she needed additional leave or any other accommodation after the four months of leave that Merck had already granted her, Plaintiff's failure to accommodate claim must be dismissed.

**F.**    **Plaintiff's Hostile Work Environment and Retaliation Claims Must Be Dismissed Because She Has Not Alleged Sufficient Facts to Show That She Experienced Severe or Pervasive Harassment or Any Other Adverse Action in Retaliation for Accommodation Requests.**

Plaintiff's hostile work environment discrimination and retaliation claims must also be dismissed because Plaintiff has not alleged that she experienced severe or pervasive harassment based on her religion, disability, or in retaliation for her request for accommodations. To establish a hostile work environment claim under the NJLAD, a plaintiff must show that she experienced conduct that (1) would not have occurred but for her protected status and was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment have been altered and that the working environment is hostile or abusive. *Hurley v. Atl. City Police Dep't,* 174 F.3d 95, 114 (3d Cir. 1999). To establish a retaliation claim, the plaintiff must show (1) she engaged in protected activity, (2) experienced an adverse employment action, which may include harassment, and (3) a causal connection exists between the protected activity and adverse action. *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567-68 (3d Cir. 2002).

In support of her hostile work environment and retaliation claims, Plaintiff alleges only that, after she requested an accommodation. Ms. Hirsch "belittled" her and "removed her work assignments from her" at some unspecified time between October 26, 2021 and November 8, 2021, and Ms. Hirsch criticized the quality of her work product and the fact that she went on leave on November 10, 2021. Even if those communications had anything to do with Plaintiff's religion, alleged disabilities, or accommodation requests, the communications, which occurred over the span of two weeks, were not sufficiently pervasive to support a hostile work environment claim. *Bacone v. Philadelphia Hous. Auth.*, 112 F. App'x 127, 129 (3d Cir. 2004) ("The behavior at issue involved no more than four incidents during the span of two weeks, and though they were offensive, they are not pervasive enough rise to the level of a Title VII violation."); *citing*

16

*Adusumilli v. City of Chicago*, 164 F.3d 353 (7th Cir. 1998); *Spence v. New Jersey*, 2021 WL 1345872, at *8 (D.N.J. April 12, 2021) (dismissing plaintiff's NJLAD hostile work environment claim under Rule 12(b)(6) because four or five incidents in the span of two weeks, with the implication that more may have occurred, were insufficient to support a finding of pervasiveness); *Fitzgerald v. Glenn Ins., Inc.*, 2023 WL 2728818, at *13 (D.N.J. April 17, 2023) (plaintiff who alleged, *inter alia*, that supervisor made sarcastic comment about plaintiff's cancer diagnosis, removed him from a committee, denied him assistance relating to projects, could not show he experienced severe and pervasive harassment), *citing Wright v. Providence Care Ctr., LLC*, 822 F. App'x 85, 96 (3d Cir. 2020) (plaintiff who contended that her supervisor began to treat her poorly after she requested an accommodation by subjecting her to unwarranted discipline and an unfair negative performance review, transferring her from her usual floor assignment to a less desirable unit, pulling her usual floor to other units, being rude and condescending to her, and ignoring her, did not show that she suffered severe and pervasive harassment); *Swangin v. Pub. Sch. of Edison Tp.*, 2007 WL 1302486, at *15 (D.N.J. April 30, 2007) (plaintiff who alleged that supervisor "belittled" him and criticized his work performance because of his race failed to show that he suffered severe and pervasive harassment).

Finally, insofar as Plaintiff alleges that Merck terminated her employment on May 31, 2022 in retaliation for her October 2021 accommodation request, her *prima facie* retaliation claim fails because she cannot plausibly allege any causal connection between her accommodation request and the termination of her employment seven months later, which was nearly two months after her approved leave expired. *See, e.g., Mercer v. SEPTA*, 608 F. App'x 60, 65 (3d Cir. 2015), *quoting Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 n. 9 (3d Cir. 2003) ("The timing of an alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link

will be inferred. The adverse action must occur within days, not months, of the protected activity."); *Koslosky v. Am. Airlines, Inc.*, 2022 WL 4481537, at *2 (3d Cir. Sept. 27, 2022) (two-month gap between plaintiff's accommodation request and termination of her employment too long to draw an inference of retaliation). Plaintiff has also not alleged any pattern of antagonism that would create a causal link between her accommodation request and the termination of her employment because the last comment she alleges Ms. Hirsch made to her was not only not hostile, but also in November 2021, more than six months before Merck terminated her employment.

As such, Plaintiff's hostile work environment and retaliation claims are legally insufficient and must be dismissed.

### G.    Plaintiff's Claims Against Individuals Kimberly Hirsch and Michael Bataglio are Not Cognizable as a Matter of Law.

Because Plaintiff cannot state any viable NJLAD claims against Merck, her claims against Ms. Hirsch and Mr. Bataglio also fail. *DeSantis v. New Jersey Transit*, 2017 WL 5050039, at *11 (D.N.J. Nov. 3, 2017) (dismissing NJLAD claims against individual defendant because "[a] defendant cannot assist in or abet a principal violation unless there is a principal violation"); *Roman v. Waste Mgmt. of New Jersey*, 2011 WL 1807642, at *5 (D.N.J. May 12, 2011) (same). Moreover, Plaintiff cannot assert an NJLAD hostile work environment claim against Ms. Hirsch because is well-settled that there may be no individual liability under the NJLAD for persons who are accused of engaging in affirmative acts of discrimination or retaliation. *See, e.g., Cicchetti v. Morris Cty. Sheriff's Office*, 194 N.J. 563, 594 (2008) (citing N.J.S.A.10:5-12(e)) ("Individual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the 'aiding and abetting' mechanism that applies to 'any person.'"); *Figueroa v. Princeton Univ.*, 2008 WL 2917178, at *9 (N.J. App. Div. July 31, 2008) (no individual liability because an individual cannot aid or abet his own conduct).

Plaintiff also has not alleged any facts that would support a claim that Ms. Hirsch or Mr. Bataglio aided and abetted any alleged discriminatory or retaliatory conduct.  "An individual or entity aids or abets an act forbidden under the NJLAD when knowingly giving substantial assistance to the principal violator." *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004)). "The test for substantial assistance requires the Court to consider five facts: (1) the nature of the act encouraged; (2) the amount of assistance given by the [abettor]; (3) whether the [abettor] was present at the time of the asserted harassment; (4) the [abettor's] relations to the others; and (5) the state of mind of the [abettor]."  *Id.* Plaintiff has not alleged that Ms. Hirsch or Mr. Bataglio assisted in any decision regarding her leave, her religious accommodation request, or the termination of her employment.  Because Plaintiff's allegations cannot support viable NJLAD claims against Ms. Hirsch or Mr. Bataglio under an aiding and abetting theory, her claims against them must be dismissed.

## V.    <u>CONCLUSION</u>

For the reasons articulated above, Merck respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted,

Dated:  April 21, 2025                    MORGAN, LEWIS & BOCKIUS LLP

*/s/ Emily Cuneo DeSmedt*

Emily Cuneo DeSmedt
502 Carnegie Center
Princeton, New Jersey 08540
Phone: 609.919.6673
emily.desmedt@morganlewis.com

*Attorneys for Defendant Merck & Co. LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of April 2025, I caused a true and correct copy of the foregoing to be served on (1) Plaintiff Theresa Foster's counsel of record via this Court's ECF filing system, and (2) Defendants Kimberly Hirsch and Michael Bataglio via email.

*Emily Cuneo DeSmedt*

Emily Cuneo DeSmedt